# John E. Peltz *v.* B. H. Printz and Aaron Printz, trading as Printz Brothers, Appellants.

*Master and servant —Wrongful discharge.*

If a person is employed to conduct a business which requires a special knowledge and skill, he is bound to furnish a degree of knowledge and skill requisite to the just performance of his duty, and to exercise that knowledge and skill adequately and continuously while engaged in performing the terms of his contract. If his failures in this respect are frequent and important, entailing much loss upon his employer, though they may not be habitual, he is not entitled to the full wages contracted for, and, therefore, in an action by an employee against his employer to recover damages for wrongful discharge, it is error for the court to charge the jury that unless they find that the plaintiff " was wanting in knowledge or skill, or that he habitually failed to exercise the knowledge and skill which he possessed, in the employment of the defendants, then he would be entitled to recover the contract price."

Argued May 3, 1898. Appeal, No. 444, Jan. T., 1897, by defendants, from judgment of C. P. Warren Co., June T., 1897, No. 54, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Trespass to recover damages for an alleged wrongful discharge from employment. Before NOYES, P. J.

The court charged in part as follows:

The plaintiff was advised that he was to be employed as a cutter in an establishment of merchant tailoring of a certain character which was described to him. In undertaking that employment there is an implied covenant that he possessed the ordinary degree of skill and knowledge of the business which is possessed by men in a similar place. That would be implied in the employment itself. Now if he failed in that then he failed in the performance of his contract; if he did not possess that degree of knowledge and skill or, if possessing it, he failed through carelessness or inattention habitually to exercise it, in the employment of the defendants, if that was the case then they had a right to put an end to the contract. If you find under all evidence in this case that that was the situation then the

verdict should be for the defendants. But [if you find that he did possess and did exercise, in good faith, that degree of knowledge and skill, which I have mentioned in his business, then, even although certain suits of clothes might not have been satisfactory, or if in their formation it happened in the course of the business that one single mistake had occurred, or two mistakes as far as that is concerned, unless you find he was wanting in knowledge and skill or that he habitually failed to exercise the knowledge and skill which he possessed in the employment of the defendants, then he could be entitled to recover the contract price.] There was no warranty that every suit of clothes that he cut would be perfect, or anything of that sort: If you find that he violated the contract; that he was not possessing of this degree of skill and knowledge or, if he possessed it, he through inattention or any fault habitually and constantly failed to exercise it in the employment of the defendants, then you will find for the defendants.

Verdict and judgment for plaintiff for $1,062.81. Defendants appealed.

*Error assigned* was portion of charge in brackets.

*Samuel G. Allen,* for appellants.

*W. E. Rice,* with him *W. D. Hinckley,* for appellee.

OPINION BY MR. JUSTICE GREEN, May 26, 1898:

Although the learned court below affirmed the various points submitted by the counsel for the defendants, we think there was error in the general charge in the statement of the degree of failure on the part of the plaintiff in the performance of his duty under the contract, which would justify the defendants in discharging him. After saying that if the plaintiff did possess and exercise in good faith the degree of knowledge and skill required in the business in which he was employed, the court proceeded to say: " Unless you find that he was wanting in knowledge or skill, or that he habitually failed to exercise the knowledge and skill which he possessed, in the employment of the defendants, then he would be entitled to recover the contract price." The word "habitual" is defined by Webster

as "constant; customary, accustomed, usual; common; ordinary, regular; familiar," and this is certainly the common understanding of the meaning of the word. Accepting it in this sense the import of the charge would be that unless the plaintiff was in the regular, ordinary and common habit of failing to exercise his knowledge and skill in the business in which he was engaged, he was entitled to recover the full contract price at which he was employed. It would follow that he might fail to perform his contract duty in a large and important degree, yet if his failure in this respect was not of such a degree as to be his regular common and ordinary manner of performing his duty, he would nevertheless be entitled to recover his full contract wages, just as though he had been guilty of no dereliction of duty whatever. The necessary consequence of this would be that his employers were not legally justified in discharging him from their employment, and must therefore retain him in their service, although his breaches of duty were frequent and important, entailing upon them much loss in their business. We do not think this is the law, and we have not been referred to any decisions in which the rule as stated in the charge has been sustained. Certainly if a person is employed to conduct a business which requires a special knowledge and skill, he is bound to furnish a degree of knowledge and skill requisite to the just performance of his duty, and to exercise that knowledge and skill adequately and continuously while engaged in performing the terms of his contract. While a slight or occasional omission to exercise the highest degree of knowledge and skill in conducting the business might not justify the employer in rescinding the contract with his employee, it is going entirely too far in the opposite direction to say that unless he habitually, that is constantly, regularly, ordinarily, failed in the performance of his duty he could recover his full contract wages. We feel obliged to sustain the assignment of error and, therefore, the judgment is reversed and new venire awarded.